Ex Parte Salvador G. López de Azúa, Petitioner.

No. 11. Submitted February 26, 1926.—Decided March 6, 1926.

Mr. Justice Aldrey delivered the opinion of the court.

Salvador G. López de Azúa Márquez petitions this court to admit him to the practice of the profession of law without examination under Act No. 17 of May 20, 1925, which gives that right to any person who, having been graduated as a lawyer from any accredited university of Europe or of the United States at least ten years prior to the approval of said act, proves to the satisfaction of this court that he has practiced for five years in the office of any lawyer authorized to practice his profession. He exhibits a diploma as a graduate in law issued to him by the Potomac University of Washington, D. C., on July 3, 1911, alleging that that university is accredited and that this court has accepted it as such upon presentation by other persons of diplomas therefrom.

The Act of March 8, 1906 (Comp. sec 151 *et seq.*), regulating the practice of the profession of law required that in order to be entitled to practice as an attorney at law a person should have obtained a diploma as such from some accredited law school of the United States and should pass a general examination on certain subjects; but Act No. 51 of March 9, 1911, which went into effect on January 1, 1912, prescribed that the diploma should have been obtained from some accredited university or law school of the United States where a preparatory course of study was required for admittance—provided said diploma had not been acquired by

150 correspondence—and that the applicant present to this court an affidavit of the dean of the university setting forth that the person in interest personally attended the law classes of such university for a term of not less than two years.

It is true that until Act No. 51 of 1911 went into effect several persons who presented diplomas from the Potomac University were admitted to examination, but that fact does not oblige this court to admit other persons holding such diplomas after it has been brought to the knowledge of the court that the Potomac University is not an accredited university. And this is what has occurred, for the court is informed that the Potomac University does not figure in the United States among the accredited law schools, as may be seen from *Higher Education Law,* published by the University of the State of New York from 1913 to 1924, *Handbook* 27. In 1915 this court refused to admit Francisco Carreras Marques to examination because he did not show that that university was accredited.

For the foregoing reason, and without having to consider others, the petition should be denied.